■ In the Matter of PAUL J. ENRICO, an Attorney.—Paul J. Enrico, an attorney who was admitted to the practice of law by this court on June 25, 1969, has submitted an affidavit dated June 16, 1987, in which he tenders his resignation as an attorney and counselor-at-law (see, 22 NYCRR 691.9).

Respondent acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District and that the following allegations of misconduct are pending against him: (1) after receiving a settlement check in the amount of $90,000, of which $60,000 belonged to his client, he deposited said check into his escrow account and during the period of time when all sums were due and owing to the client, the balance dropped to $16,950.33; (2) after receiving a settlement check in the amount of $100,000, of which $66,576.67 belonged to the client, he deposited said check into his escrow account and during the period of time when all sums were due and owing to the client, the balance dropped to $59,042.17; (3) after receiving a settlement check in the amount of $77,500, of which $51,108.89 belonged to his client, he deposited said check into his escrow account and during the period of time when all sums were due and owing to the client, the balance dropped to $11,961.99; (4) after receiving a settlement check in the amount of $48,500, of which $33,490 belonged to his client, he deposited said check into his escrow account and during the period of time when all sums were due and owing to the client, the balance dropped to $23,376.77; (5) after receiving a settlement check in the amount of $60,000, of which $39,945 belonged to his client, he deposited said check into his escrow account and during the period of time when all sums were due and owing to the client, the balance dropped to $21,895.77; (6) after receiving a settlement check in the amount of $45,000 and depositing said check into his escrow account, the balance in said account was insufficient to cover the amount due and owing to the client; and (7) after he was given $2,000 to hold in escrow in order to settle a fee dispute, he used said amount for personal purposes.

Mr. Enrico states that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; and that he is fully aware of the implications of submitting his resignation. He further acknowledges that if charges were predicated upon the misconduct outlined above,

he could not successfully defend himself on the merits against such charges.

Under the circumstances herein, Mr. Enrico's resignation as a member of the Bar should be accepted; and it is further,

Ordered that said resignation be accepted and filed; and it is further,

Ordered that he be disbarred and his name struck from the roll of attorneys and counselors-at-law, effective forthwith; and it is further,

Ordered that, pursuant to statute (Judiciary Law § 90), the said Paul J. Enrico be and he hereby is commanded to desist and refrain: (1) from practicing law in any form, either as principal or as agent, clerk or employee of another; (2) from appearing as an attorney and counselor-at-law before any Judge, Justice, board, commission or other public authority; (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto; and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered and directed that the said Paul J. Enrico shall comply with this court's rules governing the conduct of disbarred, suspended or resigned attorneys—a copy of such rules being annexed hereto and made a part hereof. Mollen, P. J., Mangano, Thompson, Bracken and Weinstein, JJ., concur.